**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

---

| | | |
|---|---|---|
| DUNKIN' DONUTS, INC.; BASKIN-ROBBINS, INC.; and BASKIN-ROBBINS USA, CO., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| ALL MADINA CORP.; N. ARLINGTON | : | Civil Action No. 04-1399 (JAG) |
| EXCHANGE, INC.; LYND DONUTS, INC.; | : | |
| LAKE HIAWATHA EXCHANGE, INC.; | : | **OPINION** |
| EAST HANOVER EXCHANGE, INC.; EAST | : | |
| ORANGE DONUT EXCHANGE, INC.; DONUT | : | |
| EXCHANGE, INC.; ALL MANSOURA, INC.; | : | |
| BELLEVILLE DONUTS, INC.; DEWY | : | |
| MEADOWS EXCHANGE, INC.; WAYNE | : | |
| EXCHANGE, INC.; MOHAMED CHOUKEIR; | : | |
| KHALED EL SHAMMA; and ESMAT EL NOBY, | : | |
| | : | |
| Defendants. | : | |

---

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on Defendants/Franchisees All Madina Corp., et al.

("Defendants") motion to dismiss Counts II, III, and IV of Plaintiffs' Amended Complaint,[1]

pursuant to FED. R. CIV. P. 12(b)(6), or in the alternative  for summary judgment on Counts I, II,

III, and IV, pursuant to FED. R. CIV. P. 56.  On Count I of the Amended Complaint, Plaintiffs

allege breach of contract, on Count II, Plaintiffs allege trademark infringement, on Count III,

Plaintiffs allege unfair competition, and on Count IV, Plaintiffs allege trade dress infringement.

Defendants counter that Plaintiffs' Notice of Default and Termination of the parties' franchise

---

[1]Count I of the Amended Complaint was not included in Defendants' Motion to Dismiss.

1

agreements lacks specificity, fails to provide a cure period, and fails to show "good cause" for the termination, pursuant to the New Jersey Franchise Practices Act.  As such, defendants argue, Plaintiff has failed to state a claim on Counts II, III, and IV.  Defendants seek dismissal of these Counts, arguing that even if the Notices were sufficient, Plaintiffs acquiesced to Defendants' use of their trademarks.  In the alternative, Defendants contend that there are no genuine issues of material fact on the matter of sufficient Notice of Default and Termination.  Plaintiffs argue that before this Court may rule on Defendants' Summary Judgment Motion, they must have discovery.  Since Defendants have failed to sustain their burden on the Motions to Dismiss or seeking Summary Judgment, Defendants' Motions are denied.

## BACKGROUND

This litigation concerns franchise agreements between Plaintiffs, Dunkin' Donuts Inc., Baskin-Robbins Inc., and Baskin-Robbins U.S.A., Co. ("Plaintiffs) and Defendants, All Madina Corp., N. Arlington Exchange, Inc., Lynd Donuts, Inc., Lake Hiawatha Exchange, Inc., East Hanover Exchange, Inc., East Orange Donut Exchange, Inc., Donut Exchange, Inc., All Mansoura, Inc., Belleville Donuts., Dewy Meadows Exchange, Inc., Wayne Exchange, Inc., Mohamed Choukeir, Khaled El Shamma, and Esmat El Noby ("Defendants").  Under the franchise agreements, Defendants were licensed to use the Dunkin' Donuts trademark, trade name, and trade dress.  (Am. Compl. ¶ 37.)  Seven of the fourteen Defendants were also licensed to use the Baskin-Robbins trademarks, trade name, and trade dress.  (Id.)

In March 2004, Plaintiffs delivered a Notice of Default and Termination to each of the Defendants and filed an action with this Court for trademark infringement.  (Docket Entry No.1.)  In July 2004, Defendants moved to dismiss the complaint, asserting, *inter alia*, that the March 2004 Notice of Default and Termination was deficient.  (Docket Entry No.9.)  In December

2

2004, Plaintiffs provided a supplemental Notice of Default and Termination to Defendants.  In February 2005, Plaintiffs filed an Amended Complaint that included allegations related to the December 2004 supplemental Notice.  (Am. Compl. ¶ 57 annexed as Ex. A.)

## LEGAL STANDARDS

### 1. Standard for a Rule 12(b)(6) Motion to Dismiss

On a motion to dismiss for failure to state a claim, pursuant to FED. R. CIV. P. 12(b)(6), the court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party.  See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994).  A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim.  See In re Warfarin Sodium, 214 F.3d 395, 397-98 (3d Cir. 2000).  The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000).  While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  Morse v. Lower Merion School District, 132 F.3d 902, 906 (3d Cir. 1997).  "The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" Kost v. Kozakewicz, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Charles Alan Wright & Arthur R. Miller, Fed. Practice & Procedure:§ 1357 (2d ed. 1990)).

### 2. Conversion of Rule 12(b)(6) Motion to Motion for Summary Judgment

FED. R. CIV. P. 12(b) directs:

> If, on a motion . . . to dismiss for failure of the pleading to state a claim upon
> which relief can be granted, matters outside the pleading are presented to and not
> excluded by the court, the motion shall be treated as one for summary judgment
> and disposed of as provided in [FED. R. CIV. P.] 56, and all parties shall be given
> reasonable opportunity to present all material made pertinent to such a motion by
> Rule 56.

When deciding a motion to dismiss, a court usually considers only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record. Pittsburgh v. W. Penn Power Comp., 147 F.3d 256, 259 (3d Cir. 1998); See 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed.1990). However, it is proper in certain instances, for a court to consider documents outside of the complaint, when they are "at the heart of the . . . controversy." Id. Should it so choose, the court may convert the motion to one for summary judgment and provide the parties notice and a reasonable opportunity to present all relevant material. See, e.g., In re Rockefeller Center Properties, Inc., 184 F.3d 280, 287 (3d Cir. 1999); Rose v. Bartle, 871 F.2d 331, 339-343 (3d Cir. 1989).

**3. Standard for Rule 56 Motion for Summary Judgment**

Summary judgment is appropriate where the moving party establishes that "there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). See Abramson v. William Patterson Coll. of N.J., 260 F.3d 265, 276 (3d Cir. 2001). A factual dispute between the parties will not defeat a motion for summary judgment unless it is both genuine and material. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Kreschollek v. Southern Stevedoring Co., 223 F.3d 202, 204 (3d Cir. 2000). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. See Anderson, 477 U.S. at 248. The moving party "cannot simply reallege factually unsupported allegations contained in his pleadings." Clark v. Clabaugh, 20 F.3d 1290, 1294 (3d Cir. 1994). The moving

4

party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the non-moving party to carry its burden of proof.  <u>See</u> <u>Celotex v. Catrett</u>, 477 U.S. 317, 318 (1986); <u>Blackburn v. United Parcel Serv., Inc.</u>, 179 F.3d 81, 102 (3d Cir. 1999).

Once the moving party has met its burden under Rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts in question." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).  The opposing party must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations or denials of its pleadings.  <u>See</u> <u>Sound Ship Bldg. Co. v. Bethlehem Steel Co.</u>, 533 F.2d 96, 99 (3d Cir. 1976), <u>cert. denied</u>, 429 U.S. 860 (1976).  At the summary judgment stage, the court's function is not to weigh the evidence and determine the truth of the matter, but rather to determine whether there is a genuine issue for trial.  <u>See</u> <u>Anderson</u>, 477 U.S. at 249.  In doing so, the court must construe the facts and inferences in the light most favorable to the non-moving party.  <u>See</u> <u>Wahl v. Rexnord Inc.</u>, 624 F.2d 1169, 1181 (3d Cir. 1980); <u>Boyle v. Allegheny Pa.</u>, 139 F.3d 386, 393 (3d Cir. 1998).  The court must award summary judgment on all claims unless the non-moving party shows through affidavits or admissible evidence that an issue of material fact remains.  <u>See</u>, <u>e.g.</u>, <u>Koch Materials Co. v. Shore Slurry Seal, Inc.</u>, 205 F. Supp. 2d 324, 330 (D.N.J. 2002).

## 4. New Jersey Franchise Practices Act

In pertinent part, the New Jersey Franchise Practices Act. N.J. STAT. ANN. § 56:10-5 provides:

> [i]t shall be a violation of this act for any franchiser directly or indirectly through any officer, agent, or employee to terminate, cancel, or fail to renew a franchise without having first given written notice setting forth all the reasons for such termination, cancellation, or intent not to renew to the franchisee at least 60 days in advance of such termination, cancellation, or failure to renew . . . . It shall be a violation of this act for a franchiser to terminate, cancel or fail to renew a franchise without good cause.  For the

purposes of this act, good cause for terminating, canceling, or failing to renew a franchise shall be limited to failure by the franchisee to substantially comply with those requirements imposed upon him by the franchise."

**5. Section 43(a) of the Lanham Act**

In pertinent part, the Lanham Act provides that any person who shall "use in commerce . . . a registered mark in connection with the . . . advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake" without consent of the registrant shall be liable in a civil action.  15 U.S.C. § 1114(1)(a).

**6. Trademark Infringement, Unfair Competition, and Trade Dress**

Federal trademark infringement, 15 U.S.C. § 1114, and federal unfair competition, 15 U.S.C. § 1125(a)(1)(A), are measured by identical standards.  See A & H Sportswear Co. v. Victoria's Secret Stores, Inc., 166 F.3d 197, 202 n.5 (3d Cir. 1999).  As a general rule, the same facts which support an action for trademark infringement, such as facts indicating likelihood of confusion, will support an action for unfair competition under Section 43(a) of the Lanham Act. Armstrong Paint & Varnish Works v. Nu-Enamel Corp., 305 U.S. 315, 325 (1938), reh'g denied, 305 U.S. 675 (1939).  See Heaton Distributing Co. v. Union Tank Car Co., 387 F.2d 477, 483 (8th Cir. 1967).  An action in trade dress is also measured by the same standards as trademark infringement.  A & H Sportswear Co.. 166 F.3d at 204; Two Pesos, Inc. v. Taco Cabana, Inc., 505 U.S. 763, 773 (1992).

A prima facie case of any of these forms of the Lanham Act violation requires plaintiff to demonstrate that (1) it has a valid and legally protectable mark; (2) it owns the mark; and (3) the defendant's use of the mark to identify goods or services causes a likelihood of confusion.  A&H Sportswear, Inc. v. Victoria's Secret Stores, Inc., 237 F.3d 198, 210 (3d Cir. 2000); 3 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition  § 23:11.1 (4th ed. 2005).  See also

<u>Commerce Nat'l Ins. Servs., Inc. v. Commerce Ins. Agency, Inc.</u>, 214 F.3d 432, 437 (3d Cir. 2000) ("The confusion that trademark law seeks to prevent is confusion as to the source of the goods."), <u>Scott Paper Co. v. Scott's Liquid Gold, Inc.</u>, 589 F.2d 1225, 1229 (3d Cir. 1978); 3 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 23:5, at 23-14 (4th ed. 2005). The plaintiff bears the burden of proof on likelihood of confusion. <u>See</u> <u>American Home Prods. Corp. v. Barr Labs., Inc.</u>, 834 F.2d 368, 371 (3d Cir. 1987).

A strong risk of consumer confusion arises when a terminated franchisee continues to use the former franchiser's trademark, actions which constitute a fraud. 3 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 25:31 (4th ed. 2005). Once a franchise contract is terminated, the former franchisee has no authorization or consent to continue to use the mark. <u>Id.</u> Use of the mark must cease once permission to use it no longer exists. <u>Id.</u> Continued use of licensed trademarks by the franchisee after the franchise contract has been terminated constitutes breach of contract or trademark infringement. <u>Id.</u> The terminated dealer who refuses to change the mark is an infringer. <u>Id.</u>

## DISCUSSION

### A. Defendants' Motion to Dismiss

Defendants urge this Court to dismiss Counts II, III, and IV of the Amended Complaint arguing that the March 2004 and December 2004 Notices of Default and Termination sent to Defendants by Plaintiffs are insufficient to effect a termination of the parties' franchise agreements under the requirements of the New Jersey Franchise Practices Act since the notices: (1) fail to provide a cure period; and (2) lack specificity. (Defs.' Mot. Dismiss and Summ. J. at 4.) Defendants essentially contend that their use of Plaintiffs' marks is not an infringing use

since the parties' Franchise Agreements were not legally terminated.  Defendants' argument, however, lacks merit.

Count II seeks relief for trademark infringement arising from Defendants' continued use of the Dunkin' Donuts' and Baskin-Robbins' trademarks, trade names, and trade dress following termination of the Franchise Agreements, in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.  (Am. Compl. ¶ 65.)

Count III, which seeks relief for unfair competition, arises from Defendants' actions in Count II in violation of § 43 of the Lanham Act, 15 U.S.C. § 1125(a).

Count IV, which seeks relief for trade dress infringement, arises from the identification of Defendants' shops by signs, exterior appearance, packaging, containers, and other items which use logo, color, and lettering style which are identical or confusingly similar to Plaintiffs' trade dress, in violation of § 43 of the Lanham Act, 15 U.S.C. § 1125, and common law.

Use of a mark must cease once permission to use it no longer exists, and continued use of licensed trademarks by the franchisee after the franchise contract has been terminated constitutes breach of contract or trademark infringement.  3 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 25:31 (4th ed. 2005).  The terminated dealer who refuses to change the mark is an infringer.  Accordingly, in order for Plaintiffs to state a claim upon which relief can be granted for trademark infringement (Count II), unfair competition (Count III), and trade dress (Count IV), Plaintiffs must offer well-pled allegations that Defendants continued to use Plaintiffs' marks after termination of the franchise agreement.

As an initial matter, the termination of the contract must be sufficient under the New Jersey Franchise Practices Act.  Defendants are correct in asserting that the New Jersey Franchise Practices Act requires that the Notices of Default and Termination sent to franchisees

must provide a cure period.  The record reveals that Plaintiffs sent Defendants Notices of Default

and Termination on March 25, 2004 and December 23, 2004.  (Am. Compl. ¶¶ 57-58.)  While

the Notices aver that Defendants' breaches cannot be cured, the Notices also provide that

"[a]lternatively, if [Defendants'] defaults are curable as a matter of law, then Dunkin' and

Baskin hereby give you thirty (30) days . . . to . . . 'cure' . . . if as a matter of law, a longer period

is required then that period is applicable to this Notice."  (Pls.' Opp'n Def. Mot. Dismiss and

Summ. J. annexed Exs. D and E.)  Contrary to Defendants' assertions, this language is not

inconsistent, but instead provides the statutory cure period, as applicable to each Notice.  The

applicable period would be 60 days.

As to Defendants' second contention, the New Jersey Franchise Practices Act does not

contain a specificity requirement.  Under the New Jersey Franchise Practices Act "good cause

for terminating, canceling, or failing to renew a franchise shall be limited to failure by the

franchisee to substantially comply with those requirements imposed upon him by the franchise."

The December 2004 Notice stated the grounds for termination as "failing to report employee

wages; failing to pay payroll taxes; filing false tax returns; failing to document accurately the

legal status of Defendants' employees . . .; and failing to keep full, complete, and accurate books

and accounts" in accordance with applicable provisions of the parties' franchise agreements.

Plaintiffs' alleged grounds for termination comply with the good cause provision of the New

Jersey Franchise Practices Act.

Having reviewed and considered the Parties' submissions, and accepting as true all

allegations of the complaint, Plaintiffs have offered well-pled allegations sufficient to set forth a

prima facie case of trademark infringement, unfair competition, and trade dress.  Defendants

have failed to meet their burden of showing that the March 25, 2004 and the December 23, 2004

Notices of Default and Termination were insufficient.  The dismissal of Counts II, III, and IV on 12(b)(6) grounds that Defendants seek must be denied.

Defendants also seek dismissal of these Counts, arguing that even if the Notices were sufficient, Plaintiffs acquiesced to Defendants' use of their trademarks, trade names, and trade dress after the expiration of the 60 day period allowed in the Notices of Default and Termination. Defendants argue that Plaintiffs' acquiescence became evident after Defendants continued to purchase Plaintiffs' products from a supply house which sells Plaintiffs' products and continued to make weekly royalty and advertising payments to Plaintiffs.  In support of this argument, Defendants offer the affidavit of Defendant Mohamed Choukeir.  Defendant Choukeir supports the contention that Defendants continued to purchase Plaintiffs' products and pay weekly franchise and advertising fees after the date the termination would have been effective.  The problem with this Court considering these facts is that to do so would be inappropriate, pursuant to FED. R. CIV. P. 12(b).

> FED. R. CIV. P. 12(b) directs:
>
> If, on a motion . . . to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in [FED. R. CIV. P.] 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

The court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record.  See Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998); 5A Charles Alan Wright & Arthur R. Miller, Fed. Practice & Procedure § 1357 (2d ed. 1990).  "[A] 'document *integral to or explicitly relied* upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'" In re

<u>Burlington Coat Factory Sec. Litig.</u> , 114 F.3d 1410, 1426 (3d Cir. 1997), (quoting <u>Shaw v. Digital Equip. Corp.</u>, 82 F.3d 1194, 1220 (1st Cir. 1996).).

Here, Defendants allege facts that are not within the four corners of the complaint.  The purchases and weekly royalty and advertising payments upon which Defendants rely are not integral to or relied upon in the complaint.  Therefore, this Court may not consider these matters without converting this motion into one for summary judgment.

Summary judgment is appropriate where the moving party establishes that "there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).  <u>See</u> <u>Abramson</u> 260 F.3d at 276.  The issue of Plaintiffs' alleged acquiescence raises a genuine issue as to a material fact since such conduct would amount to an express or implied assurance to Defendants that Plaintiffs would not assert their trademark rights.  If presented to the fact finder, Plaintiffs' alleged conduct could lead to a judgment in Defendants' favor.  In scenarios such as this when genuine issues as to material facts persist, the grant of summary judgment is inappropriate.  Defendants should not, and shall not, obtain a grant of summary judgment on this basis.

**B. Defendants' Motion for Summary Judgment**

Defendants not only move, in the alternative, for summary judgment on Counts II, III, and IV, but also on Count I, as it relates to improper cash payments to employees and failure to maintain I-9 forms.  Defendants contend that since: (1) the alleged cash payments were made when Defendants' accountant was ill; and (2) Defendants I-9 documents were destroyed when Defendants suffered flooding, and Defendants "put

11

plaintiffs on notice" of that fact, they are entitled to summary judgment.  (Def. Mem. Supp. Mot. Dismiss and Summ. J. at 15, 18.)

In Count I of their Amended Complaint, Plaintiffs allege that Defendants breached the Franchise Agreements by failing to report employee wages, failing to pay payroll taxes, and filing false tax returns.  (Am. Compl. ¶ 51.)  Plaintiffs further allege that Defendants breached their Franchise Agreements by failing to document accurately the legal status of their employees and by not maintaining proper Immigration and Naturalization Service ("INS") forms.  (Am. Compl. ¶ 52.)

In their opposition papers, Plaintiffs contend that Defendants' affidavits contain numerous factual assertions which Plaintiffs are unable to oppose fully without the aid of discovery.  Specifically, Plaintiffs contend that the documents Defendants submitted in support of the alleged flooding evidences that the shop in question suffered leakage not flooding.  Plaintiffs complain that they are unable to oppose this issue fully without discovery.

In order to deflect Defendants' motion, Plaintiffs invoke FED. R. CIV. P. 56(f), which provides:

Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Richard D. McIlveen, Plaintiffs' Director of Loss Prevention, avers in his affidavit that Plaintiffs would need to conduct further investigation to ascertain the validity of Defendants' flooding claim and to respond fully to Defendants' allegation that allocations were made according to accounting standards or that cash disbursements were

12

isolated incidents.  Consequently, this Court denies Defendants' summary judgment motion, pursuant to FED. R. CIV. P. 56(f), and grants Plaintiffs' request for a continuance to permit affidavits to be obtained, depositions to be taken, and to allow for whatever other discovery is deemed appropriate.

## <u>CONCLUSION</u>

For the foregoing reasons, this Court finds that the facts alleged in Counts II, III, and IV of the Complaint, taken as true, succeed in stating a claim upon which relief can be granted, precluding Defendant's Motion to Dismiss.  Additionally, this Court denies Defendants' Motion for Summary Judgment on Counts I, II, III, and IV of the Complaint and consequently grants Plaintiffs' request for a continuance, in order to conduct appropriate discovery, pursuant to FED. R. CIV. P. 56(f).


Dated: March 28, 2006

         S/Joseph A. Greenaway, Jr.
         JOSEPH A. GREENAWAY, JR., U.S.D.J.